(No. 33477.—

The People of the State of Illinois, Plaintiff in Error, *vs.* Max Dolgin, Defendant in Error.

*Opinion filed May 20, 1955.*

Latham Castle, Attorney General, of Springfield, (William C. Wines, of counsel,) for the People.

C. Hilding Anderson, of Chicago, for defendant in error.

Mr. Justice Maxwell delivered the opinion of the court:

This is a proceeding under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1953, chap. 38, pars. 826-832,) wherein the trial court, after hearing, reduced the petitioner's original sentence of two to ten years to one to five years. The People petitioned for writ of error to review this judgment and filed a motion for a writ of *supersedeas* or order in the nature of a *supersedeas* to stay the effect of this judgment until final disposition of the writ of error. The writ of error was granted and an order entered staying the effect of the judgment as prayed.

The petitioner below, defendant in error here, filed a motion to dismiss the writ of error on the grounds that the People have no right to a writ of error under the Post-Conviction Hearing Act. This motion was denied and the parties were ordered to file briefs pursuant to the rules of this court. The defendant in error has filed no brief in answer to the brief of the People filed on December 11, 1954.

The People rely entirely upon the insufficiency of the petition and amendment thereto filed in the trial court. This petition alleged that petitioner was confined in the penitentiary as a result of a conviction on June 4, 1952, for a term of not less than two nor more than ten years upon a charge "of forging and counterfeiting cigarette tax meter stamps for the purpose of evading the Illinois Cigarette Tax Act;" that his constitutional rights were violated in that he was denied equal protection of the laws; that his punishment was cruel and unusual; that he and a co-defendant were originally represented by the same counsel, their defenses were antagonistic, he had to employ additional counsel, and he was unconstitutionally denied a severance and a continuance of sufficient length of time to permit his new counsel to prepare his defense; that he engaged a third counsel after the verdict to present a motion for a new trial and this counsel prejudiced the court against him; and that he was convicted upon evidence obtained by unconstitutional search and seizure.

Paragraph 15 of this petition is as follows: "That a Writ of Error was sued out to the Supreme Court of the State of Illinois, and that the Supreme Court of the State of Illinois in the case of The People of the State of Illinois vs. Max Dolgin, No. 32722, reported in 415 Illinois, Page 434, affirmed the Trial Court; that the said Writ of Error did not cover all of the matters set forth in this petition."

The People filed a motion to dismiss the petition alleging that petitioner had waived any issues not raised in his writ of error, with a bill of exceptions, and that the deci-

sion of this court on the matters raised in the writ of error was *res judicata*. This motion was "dismissed" and the People were required to answer the petition.

The trial court erred in "dismissing" the motion to dismiss, as that motion should have been allowed. Where a defendant is represented by counsel of his choice who prosecutes a writ of error, with a bill of exceptions, and the entire record is before the court, the court's decision on all the issues presented is *res judicata,* and all issues that could have been presented in that proceeding, if not presented, have been waived. (*People* v. *Brown,* (Ill.) (not reported) ; *People* v. *Heirens,* 4 Ill. 2d 131; *Jennings* v. *Illinois,* 342 U.S. 104.) The petition here is clearly within this bar. It showed on its face that petitioner was represented by counsel of his choice, that he had prosecuted a writ of error, with a bill of exceptions, to this court. The issues raised in this petition regarding representation by competent counsel at his trial, antagonistic defenses, denial of a severance, denial of a continuance and illegal search and seizure were specifically presented and passed upon by this court in the original writ of error proceeding and our determination on those issues is *res judicata.* The only new issue presented in the post-conviction petition is the alleged prejudice of the trial judge by defendant's counsel in presenting his motion for a new trial, which resulted in an imposition of cruel and unusual punishment. Even if we regarded the conduct of counsel of petitioner's choice as capable of presenting a constitutional question, which we certainly do not here, there is no reason why that issue could not have been presented in the original writ of error proceeding. The conduct of counsel and the court of which petitioner complains and his sentence all occurred and were known to both petitioner and his counsel before his writ of error was prosecuted. Nor is there any merit in the contention that petitioner's sentence, which is within the statutory sentence, constitutes cruel and unusual punish-

112

ment. It is the universal rule, consistently adhered to by this court, that a sentence within the maximum term fixed by the legislature, is not cruel and unusual punishment prohibited by the constitution. *People ex rel. Barrett* v. *Bradley,* 391 Ill. 169; *People* v. *Mundro,* 326 Ill. 324.

The judgment of the criminal court of Cook County is reversed, and it is ordered that the original sentence of that court be reinstated and restored.

*Judgment reversed and sentence reinstated.*