**UNITED STATES of America ex rel. Paul CRUMP, Petitioner-Appellant,**

v.

**Francis G. SAIN, Sheriff of Cook County, Illinois, Respondent-Appellee.**

**No. 12403.**

United States Court of Appeals
Seventh Circuit.

March 20, 1959.

Bernard H. Sokol, Chicago, Ill., for appellant.

Benjamin S. Adamowski, State's Attorney, Edward J. Hladis, Atty., Francis X. Riley, Asst. State's Attys., Chicago, Ill., of counsel, for appellee.

Before MAJOR, SCHNACKENBERG and KNOCH, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Relator, Paul Crump, presented to the district court his petition for a writ of habeas corpus, for the purpose of determining whether his rights under the federal constitution have been violated in his prosecution and conviction of the crime of murder in the courts of Illinois. The district court, on its own motion, entered an order which stated that it had carefully considered the petition, from which the court found that it affirmatively appeared that Crump had not "exhausted his remedies under the laws of Illinois, particularly under the Post-Conviction Hearing Act,[1] and therefore this court does not have jurisdiction." The order dismissed the petition for want of jurisdiction and Crump has appealed to this court.

Crump was tried twice in the Criminal Court of Cook County, Illinois [2] for the same murder. On the second trial he was convicted by a jury and sentenced to death. By writ of error, he obtained a review by the Illinois Supreme Court of his conviction at the second trial, People v. Crump, 12 Ill.2d 402, 147 N.E.2d 76. He insists in this court that he raised by his petition for habeas corpus in the district court a federal constitutional question resulting from the use by the State at his trial of a confession [3] which, he says, is the product of police brutality. He raised before the state Supreme Court the same federal constitutional question in regard to the confession which he now raises in the federal habeas corpus proceeding. The state Supreme Court in the writ of error proceeding, 12 Ill.2d at page 404, 147 N.E.2d 76, fully considered Crump's contention that his written confession was obtained by oppressive, unfair and illegal conduct on the part of the prosecuting officials, thereby depriving him of rights guaranteed by the 14th amendment to the United States constitution. It also passed on other errors alleged by Crump, and stated, 12 Ill.2d at 410, 147 N.E.2d at page 80:

> " * * * We have examined the long record critically and considered all claims of alleged mistakes in the trial. We find not one of a substantial or reversible character."

The United States Supreme Court denied certiorari, 357 U.S. 906, 78 S.Ct. 1148, 2 L.Ed.2d 1155.

28 U.S.C.A. § 2254, provides:

> "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted

---

1. Ch. 38, § 826 et seq., R.S.Ill.1957.

2. The first conviction was reversed by the Illinois Supreme Court, 5 Ill.2d 251, 125 N.E.2d 615, 52 A.L.R.2d 834, and the case was remanded for a new trial.

3. It appears that two confessions were introduced. The opinion of the Illinois Supreme Court, 12 Ill.2d at page 405, 147 N.E.2d 76, recites that the first confession contains some inaccuracies and that the second confession was a final draft which corrected the inaccuracies.

unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented. * * * "

■ In this court the state's attorney of Cook county argues that the district court properly dismissed Crump's petition for a writ of habeas corpus for want of jurisdiction because he has not exhausted his remedies under the laws of the state of Illinois, particularly under the provisions of the Illinois Post-Conviction Hearing Act. There is some argument in the briefs as to whether or not such a proceeding would or would not be barred by the prior writ of error decision of the Illinois Supreme Court, under the rule of *res judicata*. However, that question is not presented to us on this record, because it is admitted that no such petition has been filed by Crump. Instead, he takes the position that in the writ of error proceeding he did make the contention that the use of his confession at the trial was a violation of his federal constitutional rights, and the highest court of Illinois ruled thereon adversely to him. He contends that, as a condition precedent to his right to seek relief on that ground in a federal court, he is not required to again submit the same contention to the same court, this time by way of a Post-Conviction Hearing Act proceeding. We believe that reason supports his contention. The state's highest court having ruled on the federal question in the writ of error proceeding, we see no reason for postponing Crump's resort to the federal courts on that question, until he has a second time, and in a new proceeding, elicited another ruling

from the same Illinois court on the same question. Cf. People v. Dolgin, 6 Ill.2d 109 [126 N.E.2d 681.] We, therefore, hold that Crump has exhausted his remedies under the laws of Illinois insofar as the federal constitutional question raised in his petition is concerned. If we be correct, then it follows that the district court did have jurisdiction of his petition and, for that reason, we are required to reverse the district court's order and remand this case for further proceedings. Those proceedings must be in conformity with the principles enunciated by the United States Supreme Court in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469. The attention of the district court, as to the proper course of the proceedings on remandment, should be focused on the recent decision of the Supreme Court in People ex rel. Jennings v. Ragen, 358 U.S. 276, 79 S.Ct. 321, 3 L.Ed.2d 296, which we set out in full:

"Per Curiam. The motion for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted.

"Petitioner, confined under sentence of an Illinois court following his conviction of armed robbery, sought a writ of habeas corpus from the Federal District Court. His petition contained allegations, primarily concerning the introduction into evidence at his trial of a confession coerced by physical mistreatment by police officers, which if true would entitle him to relief. Appended to the petition were various documents, including an opinion of the Supreme Court of Illinois affirming his conviction and simultaneously affirming the denial to him of postconviction remedies which he had sought in the trial court while his appeal from the conviction was pending. See People v. Jennings, 11 Ill. 2d 610, 144 N.E.2d 612. In that opinion, the state court held that the evidence before it warranted the trial court's finding that petitioner's confession had been voluntary.

"The State responded to petitioner's application and urged dismissal. The District Court, on a record limited to the aforementioned documents augmented by a 'report' prepared by an *amicus curiae* appointed by it, dismissed the application without a hearing. The Court of Appeals, in turn, denied petitioner's motion for a certificate of probable cause, 28 U.S.C. § 2253, and dismissed his appeal.

"It appears from the record before us that the District Court dismissed petitioner's application without making any examination of the record of proceedings in the state courts, and instead simply relied on the facts and conclusions stated in the opinion of the Supreme Court of Illinois. We think that the District Court erred in dismissing the petition without first satisfying itself, by an appropriate examination of the state court record, that this was a proper case for the dismissal of petitioner's application without a hearing in accordance with the principles set forth in Brown v. Allen, 344 U.S. 443, 463–465, 506, 73 S.Ct. 397, 97 L.Ed. 469. See also Rogers v. Richmond, 357 U.S. 220, 78 S.Ct. 1365, 2 L.Ed.2d 1361. It follows that the judgment of the Court of Appeals must be vacated and the case remanded to the District Court for further proceedings consistent with this opinion."

There is the blueprint for the proceedings in the district court upon this remandment.

■ As we have indicated, the doctrine of exhaustion of state remedies is satisfied by one post-trial decision by the state's highest court; a second decision by that court on the same issue would be superfluous. A requirement of such a second decision would moreover work for more delay in this litigation. In this case, the prosecution of a post-conviction hearing through the Illinois courts might consume about a year. If the Illinois Supreme Court decided the case as it had the writ of error proceeding, the defendant would no doubt again petition a federal court for a writ of habeas corpus, and, if unsuccessful there, he would again appeal to this court. Then the litigation would again be at the same procedural stage as at present. We would then decide the second appeal and, if unsuccessful, defendant would seek review in the federal Supreme Court. Probably about 2½ years from now, the case would reach that court and be decided. If the result were affirmance and, if no further court delays intervened, the state could proceed to carry out the original sentence. The commission of the murder on March 20, 1953 consumed a few minutes, but nearly 8½ years would have elapsed before the state judicially established that the defendant was guilty. It might take longer, because it is at this point that one might expect a resort by defendant to a proceeding to have a state court decide whether he had become insane since his conviction. § 593 ch. 38, R.S.Ill.1957. Such a proceeding, followed by an appeal to the state Supreme Court, would consume at least one year's time.

■ While the rights of an accused must be protected regardless of the time involved in proceedings for punishment for crime, it is important that unduly protracted proceedings do not undermine respect of and confidence in our administration of criminal law. These thoughts we have in mind as we remand this case to the district court for further proceedings in compliance with the aforesaid decisions of the Supreme Court, rather than leave the remandment to be later ordered by the Supreme Court, as occurred in the Jennings case, supra. We trust that the district court will be able to proceed with alacrity.

For these reasons, the order of the district court is reversed and this cause is remanded for further proceedings in accord with the views expressed herein.

Reversed and remanded.