(No. 39036.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ORVILLE T. WALDRON, Appellant.

*Opinion filed September 28, 1965.*

THOMAS A. KEEGAN and ROBERT G. COPLAN, both of
Rockford, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and WILLIAM R. NASH, State's Attorney, of Rockford,
(FRED G. LEACH, Assistant Attorney General, and JOHN
W. NIELSON, Assistant State's Attorney, of counsel,) for
the People.

PER CURIAM: Orville T. Waldron was convicted of
murder after a jury trial in the circuit court of Winnebago
County. Upon recommendation of the jury, and after an
inquiry into aggravation and mitigation, the court imposed
the death sentence. Defendant appeals, contending that the

court should have submitted instructions on manslaughter and that it fixed an excessive penalty.

There is no merit in either contention. The undisputed evidence shows a deliberate, cold-blooded killing of his paramour's husband. On March 15, 1964, at about 6:30 P.M. the paramour, Nancy Fallin, and her husband, together with one Viola Long, were sitting in a South Beloit tavern. Defendant came in, walked up to the deceased, a smaller man, and struck him several times as he was seated at the table. On being told to leave by the proprietor, defendant said "I'll be back," and then went outside.

The deceased and his party went to another tavern, at which defendant appeared about a half hour later. He sat down with them and began arguing with the deceased. When the latter went into the men's room, the defendant asked Mrs. Fallin if she still wanted her husband. Defendant then followed decedent into the men's room where he began to beat him up severely. The beating was witnessed by one Brannon, who told defendant to leave the deceased alone, or the defendant would kill him. Defendant replied "I want to kill him, he ruined my life." Brannon then called the proprietor who entered the men's room and saw the decedent, bloody and holding his head at the sink. When defendant said he was going to shoot the decedent the proprietor called the police. Within minutes four police officers arrived. One of them noticed blood on defendant's jacket and reached to take his hand, whereupon defendant stepped back and pulled a revolver. He fired several shots, wounding two officers and killing Fallin. He grabbed another man and held him with the gun at his head, telling the police to let him out or he would shoot the man. The hostage fainted and dropped to the floor, after which the defendant dropped his gun at the command of one of the officers.

There is nothing to indicate that the shots were fired at random, as defendant argues. After he had wounded the approaching police officer he stepped to one side and fired

past him at the decedent, Fallin, who was four or five feet away. Two well-aimed shots entered Fallin's chest, causing his death. Defendant did not testify at the trial, nor was any evidence introduced tending to show excuse or provocation. The court did not err in refusing to instruct the jury on manslaughter. An instruction defining that crime should not be given when the evidence, as here, admits only the conclusion that the crime was murder. (*People* v. *Bush,* 29 Ill.2d 367.) There is nothing in the record to indicate that there was provocation on the part of decedent, or that the killing was done in a sudden and intense passion.

Defendant's argument that this court should reduce the sentence must also be rejected. The argument is directed only against the death penalty, in general. There is a complete absence of mitigating circumstances in this case. At the hearing it was disclosed that the defendant had previously committed a similar crime, killing in cold blood the husband of a former girl friend in Florida, for which the defendant was convicted and sentenced to life imprisonment. He was released on parole after serving about seven years, and was still on parole at the time of the present killing.

The judgment of the circuit court of Winnebago County is affirmed, and the clerk of this court is directed to enter an order fixing Friday, December 10, 1965, as the date on which the original sentence entered in the circuit court of Winnebago County shall be executed. A certified copy of the order shall be furnished by the clerk of this court to the warden of the Illinois State Penitentiary at Joliet.

*Judgment affirmed.*