(No. 40058.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ROBERT KEAGLE, Appellant.

*Opinion filed March 29, 1967.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago,
(JAMES J. DOHERTY, Assistant Public Defender, of coun-
sel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE, MORTON FRIEDMAN, and JAMES B. KLEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Robert Keagle, hereafter defendant, is presently serving a sentence of 25 years to life for armed robbery. His petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, chap. 38, par. 122—1 *et seq.*) was denied by the circuit court of Cook County, and he has appealed. He contends that his conviction must be reversed because it was obtained by twice putting him in jeopardy for the same offense, in violation of his rights under the constitutions of this State and of the United States.

To determine this issue a lengthy course of litigation must be reviewed. In 1952 the defendant, William Seppi, and Andrew Mikka were jointly indicted. The first count of the indictment charged robbery while armed with a dangerous weapon, the second count made the same charge and also charged the defendant as an habitual criminal, and the third count charged plain robbery. At the close of this trial the judge instructed the jury:

"In this case the indictment charges that a robbery has been committed by the defendants while armed with a dangerous weapon, to-wit: PISTOLS. If the jury believe beyond all reasonable doubt that in fact a robbery has been committed by the defendants, and that the defendants are guilty, in manner and form as charged in the indictment, it then becomes necessary to further consider the charge in the indictment that the defendants were armed with a dangerous weapon, to-wit: PISTOLS.

"If the jury find from the evidence, beyond a reasonable doubt, that the defendants were so armed with a dangerous

weapon, to-wit: PISTOLS, they should say so in their verdict."

Three verdict forms were submitted to the jury. The first was for an acquittal. The second was as follows:

"We, the jury, find the defendant, [naming him], guilty of robbery, in manner and form as charged in the indictment.

"And we further find from the evidence that at the time of the commission of said robbery, the defendant was armed with a dangerous weapon, to-wit: a pistol.

"And we further find from the evidence that the said defendant, [naming him], is now about the age of —— years."

The third form, which was returned by the jury, was as follows:

"We, the jury, find the defendant, Robert Keagle, guilty of the crime of Robbery in manner and form as charged in the indictment. And we further find from the evidence that the defendant under the name of Robert Keagle has been heretofore convicted of Robbery. And we further find from the evidence that the said defendant, Robert Keagle, is now about the age of 39 years."

The jury returned the first two forms unused, and signed and returned the third form. Judgment was entered on that verdict and the defendant was sentenced to life imprisonment.

The defendant sued out a writ of error from this court. The Attorney General confessed error, and on his motion this court reversed, and remanded the cause for a new trial "with directions to strike the portion of the indictment, (the second count) referring to the previous offense of robbery, to require a plea to the indictment to the extent of the charge of armed robbery, and for a new trial." (*People v. Keagle,* No. 32913, September Term, 1953 (not reported).) The reversal was based upon the fact that, although the evidence showed that the defendant had previ-

ously been convicted of robbery and imprisoned in the penitentiary, the habitual criminal portion of the indictment omitted the allegation that the defendant had actually been imprisoned in the penitentiary upon the previous offense. Cf. *People* v. *Mikka*, 7 Ill.2d 454, 463.

Upon remand the attorney for the defendant interposed a plea in bar of *autrefois acquit* to the charge of armed robbery, on the ground that the original verdict convicted the defendant of plain robbery, and amounted to an acquittal of the greater offense of armed robbery. The trial court, following the mandate of this court, overruled the plea in bar. The defendant was tried and convicted of armed robbery, and sentenced to imprisonment for not less than 25 years nor more than life, the sentence he is presently serving.

The defendant again sued out a writ of error, *pro se,* from this court. He made ten separate allegations of error in his fifty-page brief, and one of them was that the "Court erred by twice putting the defendant in jeopardy for the same offense." The court rejected all of his contentions. (*People* v. *Keagle*, 7 Ill.2d 408.) Thereafter the defendant filed a post-conviction petition in which he charged that the prosecution knowingly used perjured testimony at his trial. On January 24, 1958, in an unreported Memorandum Order (No. 2404) this court stated its reasons for affirming the trial court's dismissal of this post-conviction petition.

The defendant then sought leave to file an original *habeas corpus* action in this court; leave was denied without opinion, on September 28, 1965. He then filed a petition for a writ of *habeas corpus* in the United States District Court for the Northern District of Illinois, Eastern Division. In that court the Attorney General of Illinois argued that the defendant had not exhausted his State remedies because he failed to proceed under the Post-Conviction Hearing Act. This argument was apparently the result of oversight, for the record in this court makes it clear that the defendant had previously filed a post-conviction petition with the result

that has been described. Chief Judge William J. Campbell first held, relying on *United States ex rel. Crump* v. *Sain,* (7th cir.) 264 F.2d 424, that the doctrine of exhaustion of remedies was satisfied, without a post-conviction proceeding, if the highest court of the State had decided the issue sought to be raised in the Federal *habeas corpus* petition. In his Memorandum and Order he then stated: "Relator's present contentions, although based upon a similar double jeopardy conclusion, (to that considered in *People* v. *Keagle,* 7 Ill.2d 408), are factually predicated upon different grounds—grounds apparently not presented or considered in the *Keagle* decision. Here the factual basis of relator's argument is based upon the trial court's instructions to the jury and its unused verdict, facts obviously not argued to or considered by the Illinois Supreme Court. Had these arguments been made to the Illinois Supreme Court it may well have concluded that relator was found not guilty of armed robbery at his first trial. However, the fact remains these arguments were not presented to the Court." Chief Judge Campbell then denied the defendant's petition for a writ of *habeas corpus* "without consideration of the issues raised therein" and dismissed the cause "without prejudice to the institution of a proper proceeding in the State Courts."

The defendant then brought the present action in the circuit court of Cook County. That court considered the matter on the merits, and held that the verdict in the original trial could only have applied to the second count of the indictment, which charged armed robbery, because no other count charged the defendant with being an habitual criminal. The court therefore concluded that the defendant had not been subjected to double jeopardy, and denied his petition for post-conviction relief. The case is before us on the defendant's appeal.

The State contends that the defendant's claim of double jeopardy was presented on his writ of error to review his second conviction, and that this court's decision in *People*

v. *Keagle,* 7 Ill.2d 408, is *res adjudicata* of that claim. In numerous post-conviction cases we have held: *"Res adjudicata* cannot be mechanically applied to foreclose an inquiry which probes beneath the mere fact of adjudication to determine whether or not, in the process of adjudication, there has been any infringement of the constitutional rights of the petitioner." (*People* v. *Reeves,* 412 Ill. 555, 559; see also, *People* v. *Evans,* 412 Ill. 616, 620; *People* v. *Jennings,* 411 Ill. 21.) Similarly, we have held that doctrines of waiver are relaxed "where fundamental fairness so requires." (*People* v. *Hamby,* 32 Ill.2d 291, 294; *People* v. *Williams,* 36 Ill.2d 194; *People* v. *Sprinkle,* 27 Ill.2d 398; *People* v. *Moore,* 9 Ill.2d 224; *People* v. *Davies,* 354 Ill. 168.) In this case the defendant's contention presents a constitutional problem which relates to the fundamental fairness of the defendant's second trial, for if, as he contends, he was acquitted of armed robbery at his first trial, his constitutional rights were violated when he was convicted of that offense at his second trial. In the circumstances of this case, we hold that consideration of that contention is not barred by *res judicata.*

Like the claim which brought about the reversal of his first conviction, the defendant's present contention is a highly technical one, unrelated to guilt or innocence. The contention was advanced and passed upon in *People* v. *Keagle,* 7 Ill.2d 408, but it is now urged that the claim was inadequately presented in that case by the defendant whose brief was, ostensibly at least, filed *pro se.*

The core of the present contention is that an implied acquittal upon the charge of armed robbery resulted from the action of the jury in returning unused the armed robbery form of verdict, and in signing and returning the habitual criminal form of verdict, which found the defendant guilty of robbery "in manner and form as charged in the indictment", and also found that the defendant had been previously convicted of robbery. The contention has a surface

plausibility if we look only at the unused armed robbery verdict and the instruction that has been quoted. But this is not the approach that has been used by this court in determining the meaning of a verdict. Rather we have held that "the entire record will be searched and all parts of the record interpreted together." *People* v. *Bailey,* 391 Ill. 149, 153.

When the entire record is examined the unsoundness of the argument now advanced on behalf of the defendant becomes apparent. The indictment upon which the defendant was first tried included a count which charged "plain" or unarmed robbery. But the jury was given no form of verdict responsive to that count of the indictment because there was no evidence to sustain such a verdict. There was no testimony that the men who committed the robbery were unarmed. The defense was rather that the witnesses for the prosecution had erroneously identified Keagle and the other defendants as the men who committed the .robbery. Upon the evidence the defendants were either guilty of armed robbery, or they were not guilty at all. To have instructed the jury as to unarmed robbery, or to have permitted them to return a verdict finding the defendants guilty of that offense would have been ground for reversal. (*People* v. *Newman,* 360 Ill. 226.) The trial judge properly refrained from giving an instruction which would have prejudiced the defendants by inviting the jury to compromise possible doubts as to the identification of the defendants by finding them guilty of a lesser offense. See *People* v. *Taylor,* 36 Ill.2d 483; *Cichos* v. *Indiana,* 385 U.S. 76, 17 L. Ed. 2d 175.

It is for this reason that there was no request by anyone that the jury be instructed concerning unarmed robbery, or be given a form of verdict covering that offense. It is for this reason that the judge, in describing to the jury the two forms of verdict they might use if they found the defendants guilty, said, "You ladies and gentlemen will receive

three forms of verdict. If you find the defendants or either of them guilty under the robbery count only you will return this form of verdict:". He then read the armed robbery verdict that has been quoted, and continued: "If you find him guilty of the habitual count, you will return this form of verdict:". He then read the form of verdict which was returned by the jury. And it is also for this reason that this court, when it reversed this defendant's first conviction, remanded the cause "with directions * * * to require a plea to the indictment to the extent of the charge of armed robbery, and for a new trial."

When the entire record is considered it becomes apparent that this case does not involve the issue presented in *Green* v. *United States,* 355 U.S. 184, 2 L. Ed. 2d 199, and *United States ex rel. Hetenyi* v. *Wilkins,* (2d cir. 1965) 348 F.2d 844. The circuit court of Cook County properly denied the defendant's post-conviction petition, and its judgment is affirmed.                    *Judgment affirmed.*

Mr. Justice Ward took no part in the consideration or decision of this case.