**UNITED STATES of America ex rel. Orville WALDRON, Petitioner-Appellant,**

v.

**Frank J. PATE, Warden, Respondent-Appellee.**

**No. 16093.**

United States Court of Appeals Seventh Circuit.

June 22, 1967.

John E. Coons, Chicago, Ill., John P. Heinz, Jon R. Waltz, Chicago, Ill., of counsel, for appellant.

William G. Clark, Atty. Gen. of Illinois, Robert F. Nix, Asst. Atty. Gen., Chicago, Ill., Richard A. Michael, Asst. Atty. Gen., of counsel, for appellee.

Before CASTLE, SWYGERT and CUMMINGS, Circuit Judges.

CASTLE, Circuit Judge.

The petitioner-appellant, Orville Waldron, prosecutes this appeal from a judgment order of the District Court dismissing his petition for a writ of habeas corpus. The petition was dismissed on the ground that there was a failure to exhaust state remedies as required by 28 U.S.C.A. § 2254.

The petitioner was convicted of murder in the Circuit Court of Winnebago County, Illinois, after trial by jury, and sentenced to death. The conviction was affirmed by the Illinois Supreme Court, People v. Waldron, 33 Ill.2d 261, 211 N.E.2d 367, cert. den., 384 U.S. 1008, 86 S.Ct. 1970, 16 L.Ed.2d 1021. The only issues raised on the appeal of the conviction to the Illinois Supreme Court were that instructions on manslaughter should have been submitted to the jury and that the sentence was excessive.

In his petition for habeas corpus the petitioner predicates constitutional infirmity in his conviction and sentence on newly asserted claims of the denial of effective assistance of counsel both at trial and on appeal; improper failure of the trial court to impanel a jury to determine his competency to stand trial;

the disqualification for cause of jurors with scruples against the death penalty; improper remarks in the summation of the prosecutor amounting to a denial of a fair trial; and the improper exclusion of evidence in mitigation in a post trial sentencing hearing.

The petitioner contends that presentation of these newly raised issues to the Illinois courts for consideration is not required to satisfy the provisions of 28 U.S.C.A. § 2254 concerning exhaustion of state remedies before resort to federal habeas corpus. In this connection the petitioner, relying on such Illinois decisions as People v. Dolgin, 6 Ill.2d 109, 111, 126 N.E.2d 681, 682 and Ciucci v. People, 21 Ill.2d 81, 171 N.E.2d 34, urges that where, as here, a defendant has prosecuted a writ of error, with a bill of exceptions, and the entire record[1] was before the reviewing court, the Illinois courts will regard that "all issues that could have been presented in that proceeding, if not presented, have been waived". But the scope of the doctrine applied in those cases is not without its limitations. In People v. Hamby, 32 Ill. 2d 291, 294, 205 N.E.2d 456, 458, it was pointed out:

> "We consider the waiver principle a salutary one, conductive to the effective enforcement of the rules which society has established for its protection, but we have not hesitated to relax its application where fundamental fairness so requires."

■■ In any event, the waiver doctrine would not apply so as to bar or preclude examination by the Illinois courts in a post conviction proceeding of petitioner's contentions concerning the disqualification of jurors and that he was denied effective assistance of counsel on his appeal[2] to the Illinois Supreme Court. Petitioner concedes that the issue concerning the disqualification of jurors did not admit of determination on the record which was before the Illinois Supreme Court on its review of petitioner's conviction. And we reject as untenable petitioner's argument that because the Illinois Supreme Court reviewed that record and affirmed the conviction and sentence it necessarily considered and adjudicated the competency of counsel in the presentation of petitioner's appeal. We perceive no basis for an assumption that the court's review of the record for trial error encompassed consideration of the collateral issue of competency of appellant counsel and that the court's affirmance constituted an implied and *sub silentio* adjudication of that issue unfavorably to the petitioner.

■ Moreover, as we had occasion to observe in United States ex rel. Calhoun v. Pate, 7 Cir., 341 F.2d 885, 886:

> "Relator may possibly prove to be correct in his present conjecture that the Illinois Supreme Court will consider its review on writ of error to be *res judicata* as to all questions which were not, but could have been raised. Nevertheless, the Illinois State Court should have the opportunity to correct an alleged constitutional violation."

■ We are therefore of the view that under the circumstances here presented the District Court properly refrained from exercising jurisdiction pending the presentment and disposition of petitioner's newly claimed grounds for relief in the State courts. The District Court did not err in dismissing the petition for failure to exhaust state remedies. Fay v. Noia, 372 U.S. 391, 419–420, 83 S.Ct. 822, 9 L.Ed.2d 837; United States ex rel. Frierson v. Pate, 7 Cir., 354 F.2d 588, 589–590.

The judgment order appealed from is affirmed.

Affirmed.

---

1. Petitioner concedes that the record before the Illinois Supreme Court on its review of his conviction was not sufficient, however, for the presentation of the issue concerning the disqualification of jurors.

2. On appeal to the Illinois Supreme Court the petitioner was represented by counsel other than his circuit court trial counsel.