(No. 42540.—▇▇▇▇▇▇▇▇)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
TENNIE WEAVER, Appellant.

*Opinion filed March 24, 1970.*

JULIUS LUCIUS ECHELES and FREDERICK F. COHN, of
Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield,
and JAMES N. DEWULF, State's Attorney, of Rock Island,
(FRED G. LEACH, Assistant Attorney General, and RONALD
C. TABER, Assistant State's Attorney, of counsel,) for the
People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the
court:

On this appeal from the circuit court of Rock Island
County, petitioner, Tennie Weaver, complains that his pe-
tition filed pursuant to the Post-Conviction Hearing Act
(Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) was im-
properly denied.

Weaver was tried by a jury, found guilty of the crimes of burglary, possession of burglary tools and theft, and sentenced to imprisonment in the penitentiary. Upon direct appeal his conviction and sentence were affirmed. (41 Ill.2d 434, *cert.* den. 395 U.S. 959.) This petition for post-conviction relief was then filed where it is alleged that in several respects his constitutional right to a fair trial was denied him. The State filed a motion to dismiss, contending that our prior decision in *People* v. *Weaver*, 41 Ill.2d 434, is *res judicata* as to the contentions raised in the petition. The trial court, addressing itself to the merits of petitioner's claims, denied petitioner's request upon finding no deprivation of substantial constitutional rights. Throughout all of the proceedings, petitioner has been represented by privately retained counsel. (The report of the case in 41 Ill.2d 434, stating at p. 435 that counsel was appointed, is incorrect.)

On his first appeal before this court, petitioner attacked "the constitutionality of a search of the automobile in which he had ridden to the scene of the alleged crime, [contending] that one of the three counts of the indictment failed to charge an offense, and [challenging] the sufficiency of the evidence to establish guilt upon the other two counts —burglary and possession of burglary tools." 41 Ill.2d at 435.

On this appeal, it is petitioner's claim that his constitutional right to a fair trial was denied him in that: (1) the trial court admitted, over his objections, statements charged to him which he contends required a hearing to determine admissibility; (2) the trial court failed to question the jurors regarding their exposure to certain newspaper and television reports; (3) the trial court refused to excuse a juror upon the peremptory challenge of the petitioner; (4) the State was allowed to exercise peremptory challenges although it had no statutory right to do so; (5) the trial court instructed the jury to use a different standard in evaluating petitioner's credibility than that of a testifying

police officer; (6) the trial judge made prejudicial comments in the presence of the jury; and (7) the prosecution presented evidence of alleged separate criminal offenses upon which defendant had not been convicted and which were not felonies.

At the outset we are confronted with the question of whether consideration of the issues raised in the present petition is precluded by application of the doctrines of *res judicata* and waiver.

This court has consistently held that the Post-Conviction Hearing Act was not intended to be used as a means of obtaining further consideration of claims of denial of constitutional rights where a review of the issues raised has been had. (*People* v. *Hill,* 39 Ill.2d 61; *People* v. *Collins,* 39 Ill.2d 286; *People* v. *Ashley,* 34 Ill.2d 402; *People* v. *Hamby,* 32 Ill.2d 291; *Ciucci* v. *People,* 21 Ill.2d 81; *People* v. *Dolgin,* 6 Ill.2d 109; *People* v. *Jennings,* 411 Ill. 21.) Where review has once been had by a writ of error, including presentation of a bill of exceptions, any claim which might have been raised, but was not, is considered waived. (*People* v. *Ashley,* 34 Ill.2d 402; *People* v. *Hamby,* 32 Ill.2d 291; *Ciucci* v. *People,* 21 Ill.2d 81; *People* v. *Dolgin,* 6 Ill.2d 109.) It is only where application of this salutary principle would be manifestly inconsistent with concepts of fundamental fairness that we have relaxed this rule. *People* v. *Keagle,* 37 Ill.2d 96; *People* v. *Hamby,* 32 Ill.2d 291; *People* v. *Williams,* 36 Ill.2d 194.

Petitioner relies heavily on our decision in *People* v. *Keagle,* 37 Ill.2d 96. However, we do not find that case controlling on the facts at bar. In *Keagle,* we considered petitioner's claim because it presented a constitutional problem relating "to the fundamental fairness of the defendant's record trial * * *." The contention there was "highly technical * * * [and] unrelated to guilt or innocence * * * [and on his prior appeal] the claim was inadequately presented * * * by the defendant whose brief

was, ostensibly at least, filed *pro se.* " (37 Ill.2d at 101.) Likewise, are *People* v. *Hamby,* 32 Ill.2d 291, 294, where, on his first appeal, petitioner's court-appointed counsel refused to advance certain arguments requested by petitioner; and, *People* v. *Williams,* 36 Ill.2d 194, 199, where recent United State Supreme Court decisions might have had a drastic effect on petitioner's original trial. (See also other cases cited in *People* v. *Keagle,* 37 Ill.2d at 101.) In the case at bar, we are unable to perceive any persuasive reason for relaxation of this rule. (*Cf. People* v. *Mamolella,* 42 Ill.2d 69.) Petitioner also relies strongly on *Kaufman* v. *United States,* 394 U.S. 217, 22 L. Ed. 2d 227, 89 S. Ct. 1068, to the effect that the doctrines of *res judicata* and waiver are not applicable to proceedings under the Post-Conviction Hearing Act. After careful analysis, we find this decision to be inapplicable to the case before us. See *People* v. *Jennings,* 411 Ill. 21.

In all the proceedings had in this matter, petitioner has been represented by privately retained counsel. His trial attorney prosecuted Weaver's first appeal to this court, and there is no contention made here that petitioner's trial-appellate counsel inadequately represented him. Furthermore, all of the errors advanced in this petition were of record and known at the time of petitioner's first appeal. Accordingly, we find that the claims presented here were waived. To hold otherwise would only prolong this proceeding interminably. *People* v. *Mamolella,* 42 Ill.2d 69, 73.

The judgment of the circuit court of Rock Island County is affirmed.

*Judgment affirmed.*