(No. 38481.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CARL HAMBY, Plaintiff in Error.

*Opinion filed March 18, 1965.*

JOSEPH A. PASTORE, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and GEORGE W. KENNEY, Assistant Attorneys General, and ELMER C. KISSANE and PAUL A. O'MALLEY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This cause comes here pursuant to writ of error to the then criminal court of Cook County, which entered an order dismissing defendant's amended petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1959, chap. 38, pars. 826-832) without a plenary hearing.

In a June 13, 1956, jury trial defendant was found guilty of armed robbery and sentenced to a term of 25 years to life. He thereafter procured a bill of exceptions as an indigent, counsel was appointed, and a writ of error issued to review the trial proceedings. It is apparent from the record that defendant and his counsel were not in agreement as to the scope of the review which was sought. Our earlier opinion (*People* v. *Hamby,* 27 Ill.2d 493), affirming the conviction indicates only two grounds for reversal were urged: (1) that, in drafting the indictments, the People knowingly referred to prior convictions which were void, thereby denying defendant due process, and (2) that defendant was denied a timely trial.

It also appears that at the time the original writ of error was pending defendant filed a *pro se* petition (subsequently amended) in the trial court under the Post-Conviction Hearing Act, contending that his constitutional rights had been violated in that (1) the State's Attorney perpetrated a fraud by omitting from the defendant's reindictment an habitual criminal count appearing in his original indictment which was nolle prossed by the People; (2) his confession was coerced by threats and violence; (3) the prosecutor knowingly employed perjured testimony; (4) he was denied due process of law at the hearing on his motion to suppress the confession in that the prosecutor introduced into evidence a photograph depicting the defendant at a time prior to the alleged violent acts, representing it to have been taken subsequent thereto; (5) the prosecutor perpetrated a fraud during the trial by introducing into evidence a spurious medical record; (6) the court erroneously denied his motion for continuance due to ill health; (7) the bill of exceptions presented on his original writ of error was incorrect; and (8) the People knowingly subverted the truth by denying possession of certain property of the defendant which would have been favorable to his defense and would have impeached certain State witnesses.

On June 2, 1962, during the period subsequent to the issuance of the original writ of error, and prior to hearing in this court, defendant requested us to strike the abstract and briefs filed by his appointed counsel and to appoint other counsel for him or, alternately, to permit him to proceed *pro se*. This motion was denied *in toto*, as was his subsequent motion to strike all documents filed by his counsel. It is clear that the reason for this action by defendant was his belief that the grounds for reversal argued by counsel in his brief were (as subsequently determined by us) without merit, and that defendant desired review of some, if not all, of the errors alleged in the pending post-conviction petition.

Subsequent to the affirmance by this court on the original writ of error, the People moved to amend their motion to dismiss the post-conviction petition by adding as grounds for dismissal the allegation that the errors included in the petition were *res judicata* as a consequence of this court's decision. At the conclusion of the hearing upon the amended motion to dismiss, the abstract of record indicates the following occurred:

"The Court: * * * For the purpose of the record, the court will overrule the motion—

Mr. Robbins [assistant State's Attorney]: Off the record.

(Discussion had off the record.)

The Court: Strike that. The Court will allow the motion to dismiss the amended petition.

That will be the order.

Mr. Robbins: and the case dismissed.

The Court: That will be the order."

From the discussion between court and counsel preceding the above-quoted ruling, it is apparent that the court entertained misgivings as to the sufficiency of some of the allegations of the petition; it is, however, impossible to determine with any degree of certainty whether the dismissal

was predicated on the judge's belief that the allegations of the petition were insufficient or that consideration of the errors alleged was barred by the *res judicata* doctrine. The ambiguity here existing demonstrates the desirability of incorporating a brief statement of the trial court's findings or reasons therefore into the written order or oral pronouncement of a ruling.

It is the position of the People in this court that the allegations of the post-conviction petition as amended are insufficient to raise constitutional questions, were passed upon by us in our review of the trial proceedings pursuant to the original writ of error, or were waived by a failure to raise them in the initial review. As to the waiver, we are constrained to disagree under the peculiar facts here presented. It is true that we have consistently held that where review has once been had by writ of error, including presentation of a bill of exceptions, any claims which might have there been raised, but were not, are considered waived. (*Ciucci* v. *People,* 21 Ill.2d 81, 85; *People* v. *Dolgin,* 6 Ill.2d 109, 111; *People* v. *Witherspoon,* S. Ct. Misc. No. 3559, January 1964.) We consider the waiver principle a salutary one, conductive to the effective enforcement of the rules which society has established for its protection, but we have not hesitated to relax its application where fundamental fairness so requires. (*People* v. *Sprinkle,* 27 Ill.2d 398; *People* v. *Davies,* 354 Ill. 168.) Defendant here sought to raise on the original writ of error the claims presented in the amended post-conviction petition. His counsel, apparently considering some of them without merit or unavailable on the record then before the court, did not do so. Defendant then sought leave to proceed *pro se,* which was denied. Defendant, having been denied leave to proceed *pro se* and secure review of the questions which he now seeks to raise, cannot fairly be said to have waived such questions.

Since the record before us does not indicate the basis for the trial court's dismissal of the amended petition, we

may not assume that it was based upon a reason other than an application of the *res judicata* principle. It is therefore necessary, in view of the peculiar circumstances here prevailing that the cause be remanded for further consideration of the amended petition without application of the *res judicata* doctrine based upon our prior review except insofar as the questions now raised were there expressly determined.

*Reversed and remanded, with directions.*