(No. 39132.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
SIDORO AGNELLO, Appellant.

*Opinion filed Dec. 1, 1966.—Rehearing denied Jan. 27, 1967.*

MAURICE J. GARVEY, of Chicago, appointed by the court,
for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield,
and DANIEL P. WARD, State's Attorney, of Chicago, (FRED
G. LEACH, Assistant Attorney General, and ELMER C. KIS-

and Kenneth L. Gillis, Assistant State's Attorneys, of counsel,) for the People.

*Mr. Justice Hershey delivered the opinion of the court:

Defendant, Sidoro Agnello, was found guilty of robbery by a jury in the criminal court of Cook County and sentenced to life imprisonment in the penitentiary under the Habitual Criminal Act. This court affirmed his conviction in *People* v. *Agnello,* 22 Ill.2d 352. Defendant filed a petition for a hearing under the Illinois Post-Conviction Hearing Act, which was dismissed on motion without a hearing on the merits. Defendant appeals to this court from the order of dismissal.

The defendant's lengthy *pro se* petition under the Post-Conviction Hearing Act contained allegations (1) that the indictment under which he was convicted of robbery was fatally defective and that there were other irregularities with regard to the indictment; (2) that the trial court erred in not conducting a hearing to determine his competency to stand trial; (3) that he was denied his constitutional right to defend himself in the trial court; and (4) that the State knowingly used perjured testimony against him at the trial. The latter three points are argued in defendant's brief filed in this court by his court-appointed counsel.

The People filed a motion to dismiss defendant's petition on the grounds: (1) That the petition failed to raise any constitutional questions within the purview of the Post-Conviction Hearing Act; and (2) that our prior decision in *People* v. *Agnello,* 22 Ill.2d 352, was *res judicata* as to the issues raised in the petition. The People's motion to dismiss was allowed by the criminal court of Cook County, and the proceedings were dismissed without any hearing on

---

This opinion was prepared by Mr. Justice Hershey prior to his resignation and was adopted and filed as the opinion of the court.

the merits of the petition. The sole issue before this court, therefore, is whether the motion to dismiss was properly granted below.

The purpose of the post-conviction hearing is to provide an independent post-conviction remedy to persons where substantial constitutional rights are alleged to have been violated in the proceeding which resulted in their conviction. We have previously held that a post-conviction proceeding is not intended to provide a defendant with a second review of matters which have already been considered by this court on review. (*People* v. *Dale,* 406 Ill. 238; *People* v. *Jennings,* 411 Ill. 21.) Furthermore, as we stated in *People* v. *Ashley,* 34 Ill.2d 402, 408, "We have consistently held that where review has once been had by a writ of error, including presentation of a bill of exceptions, any claim which might there have been raised, but was not, is considered waived. (*People* v. *Hamby,* 32 Ill.2d 291; *Ciucci* v. *People,* 21 Ill.2d 81; *People* v. *Dolgin,* 6 Ill.2d 109, 111.) Only where the application of the waiver principle would be inconsistent with concepts of fundamental fairness has this salutary rule been relaxed by this court. (*People* v. *Hamby,* 32 Ill.2d 291)."

In this case, the defendant could have raised but did not raise on his original review the questions of the alleged defective indictment, the alleged error in not conducting a hearing to determine his competency to stand trial, and his contention that he was denied his constitutional right to defend himself at the trial. Unlike the situation in *People* v. *Hamby,* 32 Ill.2d 291, where the defendant sought to raise issues on his original writ of error but was not permitted to do so by his court-appointed counsel, there is no indication in the record of the original appeal that the defendant disagreed with the presentation made by his court-appointed appellate counsel or that he in any way attempted to raise the points which he has now raised for the first time in the post-conviction hearing proceeding. Ap-

plication of the waiver principle in this case would not be inconsistent with concepts of fundamental fairness. We hold therefore that defendant waived each of these contentions.

On his original writ of error in this court, defendant raised a question in his brief concerning the alleged knowing use of perjured testimony by the State, but no mention was made of the other matters in support thereof raised in his post-conviction petition, and we did not specifically discuss the issue in our prior opinion. In his post-conviction petition defendant contends that John Demitralis, who was one of defendant's alleged accomplices in the robbery, testified for the State and identified defendant after he had been promised he would receive a lighter sentence. Defendant contends that on direct examination Demitralis perjured himself when he testified several times that he had not been offered or promised anything and, specifically, that he had not been offered or promised a lighter sentence for testifying on behalf of the State. Defendant further alleged that the State knowingly used this perjured testimony as expressly condemned in *Napue* v. *Illinois,* 360 U.S. 264, 3 L. Ed. 2d 1217.

In support of this allegation, defendant sets forth in his petition a portion of a letter which he received from Demitralis shortly after the trial. The letter, which is somewhat incomprehensible, could be construed as containing an admission that a "deal" had been made between an assistant State's Attorney and Demitralis sometime prior to the time Demitralis testified against defendant. Defendant alleged in his petition that the letter could be secured by him if necessary. Defendant also sets out in his petition an excerpt from the transcript of the trial of defendant's other alleged accomplice, Kenneth Thurman. The excerpt contains remarks which suggest that Demitralis had been "offered consideration" if he would testify against the co-defendants. We are of the opinion that with respect to the charge of knowing use of perjured testimony defendant set forth facts in his

petition which justified the holding of a post-conviction hearing.

The judgment of the circuit court of Cook County is reversed and the cause remanded for proceedings in accordance with this opinion.

*Reversed and remanded.*