**UNITED STATES of America ex rel. Clyde MILLNER, Jr., Petitioner-Appellant,**

v.

**Frank J. PATE, Warden, Respondent-Appellee.**

**No. 17538.**

United States Court of Appeals, Seventh Circuit.

March 10, 1970.

Rehearing Denied May 7, 1970.

Henry L. Mason, III, Chicago, Ill., for petitioner-appellant.

William J. Scott, Atty. Gen., James B. Zagel, Asst. State's Atty., Joel M. Flaum, Thomas J. Immel, Asst. Attys. Gen., of counsel, Chicago, Ill., for respondent-appellee.

Before SWYGERT, Chief Judge, and KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

The district court dismissed petitioner's habeas corpus petition [1] without an evidentiary hearing upon the state's response that petitioner had not exhausted his state remedy and, furthermore, that he had presented no substantial Fifth Amendment constitutional question. We affirm on the basis of the doctrine of exhaustion of state remedies.

Petitioner was convicted by a jury of involuntary manslaughter. Statements made to police the morning of the homicide were introduced at the trial. On appeal, the Illinois Appellate Court affirmed the conviction. People v. Millner, 92 Ill.App.2d 345, 236 N.E.2d 8 (1968). His untimely motion for leave to appeal to the Illinois Supreme Court

---

1. However, the district court granted petitioner's application for certificate of probable cause.

was denied without opinion. The petition before us on appeal followed.

Petitioner contends the Illinois Post-Conviction Hearing Act, Ill.Rev.Stat. Ch. 38 Sec. 122-1 (1967) [2] is not meaningfully available because the constitutional claims [3] urged in his petition for habeas corpus were not raised in his appeal from his conviction to the Illinois Supreme Court. Generally speaking the Illinois Supreme Court will consider as waived those claims which could have been, but were not, raised on appeal. People v. Armes, 37 Ill.2d 457, 227 N.E. 2d 745 (1967). However, in People v. Hamby, 32 Ill.2d 291, 205 N.E.2d 456 (1965), the Illinois Supreme Court relaxed the waiver rule where, because of particular circumstances, fundamental fairness required. See also People v. Somerville, 42 Ill.2d 1, 245 N.E.2d 461 (1969).

We cannot accept petitioner's contention that the post-conviction act provides him no remedy. To do so would require us to assume that the Illinois Supreme Court would apply the strict rule of *Armes*. However, the facts in *Armes* can be distinguished from the case before us. Armes did not present his claim in the trial court, while petitioner Millner did. In addition, Armes' conviction was reviewed by the Illinois Supreme Court, while petitioner here was denied leave to appeal to the Illinois Supreme Court because of the untimeliness of his motion.

The Illinois Supreme Court in *Hamby* relaxed the waiver rule because Hamby's attorney failed to follow Hamby's desire to present the constitutional claim on a writ of error. The Illinois Supreme Court in People v. Agnello, 35 Ill.2d 611, 612, 221 N.E.2d 658, 659 (1967), refused to relax the waiver doctrine, absent the circumstance of disagreement between Agnello and his attorney. Here petitioner argues that he instructed his attorney to assert on his appeal the constitutional claims presented in this habeas corpus proceeding, but that this was not done. On the basis of the decisions in *Hamby* and *Agnello* we find without merit petitioner's contention that a meaningful state remedy is not available to him.

Petitioner also contends that because his claimed disagreement with counsel does not appear of record, the *Hamby* rule will not be applied in his favor. He cites *Agnello* and People v. Ashley, 34 Ill.2d 402, 216 N.E.2d 126 (1966), in support. Neither case "held" that where the disagreement factor was not expressed of record, the relaxed *res judicata* rule of the Illinois Supreme Court would not be applied. The *Hamby, Agnello* and *Ashley* decisions rested on differing facts in each case. We cannot assume that petitioner's disagreement with counsel cannot ultimately be presented to the Illinois Supreme Court for consideration in aid of petitioner's review should he not prevail in the post-conviction remedy, which the state concedes is available to him. Our decision in Cotner v. Henry, 394 F.2d 873 (7th Cir. 1968), does not militate against this conclusion.

We hold that the district court did not err in dismissing the habeas corpus petition for failure to exhaust Illinois remedies.

Millner was represented in this court by Attorney Henry L. Mason III, of the Chicago Bar. The court expresses its appreciation to Mr. Mason for his dedicated services as court-appointed counsel.

Affirmed.

---

2. "Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article."

3. Petitioner's state trial was held before the decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Thus he urges that under the "totality of circumstances" rule the admission at his trial of his statements to police violated his Fifth Amendment right.