THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* MONROE KANE, Petitioner-Appellant.

(No. 56575;

First District—April 3, 1972.

Barry T. McNamara, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Stephen R. Kramer, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURKE delivered the opinion of the court:

In October 1964 defendant was found guilty at a bench trial of the crime of attempt murder and was sentenced to a term of fifteen years to twenty years in the penitentiary. That judgment was affirmed on direct appeal to this Court in February 1966: *People v. Kane*, 68 Ill.App.2d 486.

On August 5, 1969, defendant filed, *pro se*, a Petition pursuant to the Post-Conviction Hearing Act wherein he alleged that he was denied the privilege of testifying as a witness in his own behalf at the trial. (Ill. Rev. Stat. 1969, ch. 38, pars. 122—1 *et seq.*) The Petition alleged in part:

"I was denied the privilege to testify at my trial in behalf of my defence, 'I was denied' the equal protection of the law,' and the Due Process of the Law.' A violation of the Fourteenth Amendment. At no time did I request to not testify in my own behalf. Upon my request to the judge to testify, 'the judge said 'you say what you please.' After I finish, the judge said 'I appreciate the statement you made but you choose not to testify,' there is no proof in the record that I choose to not to testify.' The record must show, that I understandingly and intelligently waiver this Constitutional Right * * *." (*Sic*)

On November 6, 1969, an appearance was filed by private counsel who had been appointed to represent defendant on the post-conviction petition.

A motion to dismiss the petition was filed by the People, on the grounds that the petition failed to allege any constitutional question as required by the Post-Conviction Hearing Act, and further that the issue raised in the Petition was *res judicata* since it could have been raised on appeal to this Court from the judgment of conviction. Hearing on the People's motion was held on April 5, 1970, after which the court entered an order dismissing the defendant's Petition.

Defendant appealed the dismissal of his Petition directly to the Supreme Court, which transferred the cause to this Court. (*People v. Kane*, Ill.Sup.Ct., Doc. No. 43633, Oct. 4, 1971; see also Sup.Ct.Rule 651, as amended July 1, 1971.) On appeal defendant has altered his position from that of having been unconstitutionally denied the privilege of acting as a witness in his own behalf at trial, to that of having been

denied his constitutional right to remain silent by reason of the trial court's comment that he chose not to testify in his own behalf at the trial.

It appears that at the conclusion of the final arguments of counsel during the trial the court stated, "I'll have to confine myself to the evidence in this case," and proceeded to summarize that evidence. At the conclusion of the summarization, the court stated, "Based on this evidence the Court finds the defendant Monroe Kane—," at which point the defendant interrupted the court and stated, "Judge, just a minute," but the court continued, "—guilty of the offense of attempt to commit murder in the manner and form as charged in this indictment. There will be a judgment on the finding."

The defendant again interrupted the court, but the court called for a hearing in aggravation and mitigation, and the defendant continued to interrupt counsel during that hearing, by commenting on the matters brought out therein. At the conclusion of the hearing, the court sentenced the defendant to a term of fifteen years to twenty years in the penitentiary, immediately after which the following colloquy occurred between the defendant and the court:

"DEFENDANT KANE: Judge, I didn't have anything to say, I would like permission to say something.

THE COURT: Yes, you may say what you please.

DEFENDANT KANE: I was acting in self-defense, the officer was pointing the pistol on me, he grabbed me in the collar and struck me, I wasn't doing nothing, I was walking down the street and hadn't done nothing, I was walking down the street minding my own business and this officer followed me from West End and on down the alley, and this lady is speaking the truth because she always comes out every evening on that porch, quite naturally she couldn't recognize what time it was, so, the statements she made is true.

THE COURT: Well, I appreciate the statement you made but you choose not to testify, you had competent counsel—

DEFENDANT KANE: But I'm being convicted on perjury, all these statements here that you have heard are perjury.

THE COURT: You have a right to appeal from this finding of the Court * * *." (Sic)

Defendant thereafter twice interrupted the court while the court was advising him of his right to appeal and related matters.

Defendant contends on this appeal that his constitutional right to remain silent was abridged by the trial court's above-quoted comment, which occurred after the hearing in aggravation and mitigation, that the defendant chose not to testify in his own behalf at trial. He argues that

"the comment was made by the judge himself as determinative of the Defendant's guilt" and that the comment by the judge evidences "the fact that the judge considered the Defendant's failure to testify in arriving at a determination of guilt or arriving at a determination as to the length of sentence * * *."

■■ Generally, the judgment of a reviewing court is *res judicata* as to all issues actually raised before that court, as well as to those which could have been raised but were not. Issues of the latter nature will be deemed to have been waived unless fundamental fairness requires that they be considered in a later proceeding. (*People v. Derengowski,* 44 Ill.2d 476.) Further, in order to support a Petition filed under the Post-Conviction Hearing Act, a substantial showing must be made that the petitioner's constitutional rights have been violated; bare allegations or conclusions to that effect will not be deemed sufficient to require a hearing. *People v. Smith,* 44 Ill.2d 82.

■■ Although the question of the alleged abridgment of defendant's constitutional right to remain silent was not raised on the appeal to this Court from the judgment of conviction, nor in defendant's Post-Conviction Petition, that question may be considered on a review of the dismissal of his petition if fundamental fairness requires. (See *People v. Derengowski,* 44 Ill.2d 476.) However, the question raised by defendant in this regard appears to be supported by no more than the bare assertion that his constitutional right to remain silent was abridged; it is supported neither by the record, nor by the matters brought out in his petition filed below, or in his brief on this appeal.

■■ Contrary to defendant's assertion, it is clear that the trial court considered only the evidence adduced at the trial in arriving at his finding of guilty; the court expressly stated in his summarization of the evidence, after final arguments of counsel and immediately prior to the finding of guilty, that he considered only the evidence adduced at trial. During the summarization of the evidence neither the court, nor the prosecutor, commented on the fact that defendant did not testify in his own behalf at the trial. The record is devoid of any evidence which would tend to show that the court took into consideration, when arriving at either the finding of guilty or the term of sentence imposed, the fact that defendant did not testify in his own behalf. On the contrary, the court's comment occurred when, and in response to the attempt by defendant to offer evidence, wholly unsworn, after he had already been found guilty of and sentenced for the crime charged in the indictment.

It should be further noted that not all comments by a trial court in this regard will be deemed to be a violation of a defendant's constitutional right to remain silent. In the case of *People v. Ray,* 116 Ill.App.2d

269 the court, at the close of the People's evidence and at a point in time when the court deemed it appropriate to recess until the following morning, admonished the jury that they should not discuss the case among themselves or with members of their respective families, because "he (defense counsel) has a defense which must be put on." This Court on review did not accept defendant's contention that the trial court's comment to the jury "almost forced [defense counsel] to put my client on the stand," and held that the circumstances surrounding the comment were in part brought on by the defense and that the comment, "when taken out of context and emphasized on appeal, assumes an importance never actually possessed." At pp. 6 & 7 of abst. op.

Not only was the case at bar a bench trial, wherein the trial judge is presumed to have considered only competent evidence in arriving at his findings, but the trial court's comment, when considered at the time when, and in the context in which it occurred, likewise "assumes an importance never actually possessed" in the trial of the cause.

For these reasons the order of the trial court dismissing defendant's petition filed pursuant to the Post-Conviction Hearing Act is affirmed.

Order affirmed.

GOLDBERG, P. J., and LYONS, J., concur.