THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD BURRINGTON, Defendant-Appellant.

(No. 71-312; )

Second District—July 26, 1972.

E. Roger Horsky and Thomas Holum, both of Elgin, for appellant.

William J. Scott, Attorney General, of Springfield, and Dexter A. Knowlton, State's Attorney, of Freeport, for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

In January of 1964, the defendant was tried and convicted of the crime of murder of a two year old child in the Stephenson County Circuit Court before Judge Marvin F. Burt in a jury trial.

Appeal of this conviction was filed in the Supreme Court and subsequently transferred to this court where the conviction was affirmed. 101 Ill.App.2d 230, 242 N.E.2d 433 (1968).

Subsequently the defendant filed a petition for relief under the Post Conviction Hearing Act, (Ill. Rev. Stat. 1969, ch. 38, sec. 122—1 *et seq.*), which was heard by the trial court in an evidentiary hearing in January, 1970. The trial court denied relief, and the defendant appealed to the Supreme Court from this order of dismissal. Ill. Rev. Stat. 1969, ch. 110 A, par. 651.

Pursuant to the 1971 amendment of that Rule the Supreme Court again assigned the cause to this court.

No useful purpose would be served in restating the gruesome details of this crime, and attention is directed to the facts as set forth in our opinion in 101 Ill.App.2d 230, 242 N.E.2d 433 (1968).

In the defendant's direct appeal of the 1964 conviction filed first in the Supreme Court, two issues were raised. One issue related to denial of his motion for a new trial on the basis of newly discovered evidence, and the other claimed that statements made by defendant without the presence of counsel were improperly admitted. The Points and Authorities section of his brief cited *Massiah v. U.S.* (1964), 84 S.Ct. 1199, 377 U.S. 201, and *Escobedo v. Illinois* (1964), 54 S.Ct. 1758, 378 U.S. 478, in support of it but his brief contained no argument on it.

The defendant now attempts to raise the same constitutional question in the instant appeal from denial of post conviction relief. While the Supreme Court of Illinois has said that a reviewing court has responsibility for a just result and for the maintenance of a sound and uniform body of precedent, and will sometimes override a waiver under Rule 341 (e) (7), under the doctrine of fundamental fairness, we do not believe that principle applies here. Cases to the contrary are numerous. We feel that the doctrine of *res judicata* applies here. In the

instant case we have an anomalous situation where the defendant on his appeal specifically raised the constitutional question and then waived it in the hearing before the Supreme Court. This, therefore is not a case of omission or inadvertence but might well be considered a means whereby the defendant might attain a second appeal under the guise of a post conviction hearing. As stated in *People v. Agnello* (1967), 35 Ill. 2d 611 at 613, 221 N.E.2d 658,

"* * * We have previously held that a post-conviction proceeding is not intended to provide a defendant with a second review of matters which have already been considered by this court on review * * *.

* * * In this case, the defendant could have raised but did not raise on his original review the questions of the alleged defective indictment, the alleged error in not conducting a hearing to determine his competency to stand trial, and his contention that he was denied his constitutional right to defend himself at the trial. * * *

* * * there is no indication in the record of the original appeal that the defendant disagreed with the presentation made by his court-appointed appellate counsel or that he in any way attempted to raise the points which he has now raised for the first time in the post-conviction hearing proceeding. Application of the waiver principle in this case would not be inconsistent with concepts of fundamental fairness. We hold therefore that defendant waived each of these contentions."

This principle applies even more strongly in the instant case inasmuch as the defendant specifically raised the constitutional question, which he now wishes us to consider, in his appeal and expressly waived the same. Fundamental fairness does not require that the defendant have two appeals.

We find that the order of the trial court denying defendant's petition for post-conviction relief was proper. We therefore affirm.

Order affirmed.

SEIDENFELD, P. J., and T. MORAN, J., concur.