UNITED STATES of America ex rel.
James BRACEY, Petitioner,

v.

John J. PETRELLI, Respondent.

No. 72 C 3069.

United States District Court,
N. D. Illinois.

March 21, 1973.

Harold A. Cowen, Chicago, Ill., for petitioner.

William J. Scott, Atty. Gen., for State of Ill., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the motion of respondent Petrelli to dismiss the instant petition. Petitioner had been convicted of murder at a bench trial in the Circuit Court of Cook County on October 26, 1966, and was sentenced from 14 to 20 years in the penitentiary. This conviction was affirmed by the Illinois Appellate Court. While the appeal was pending, petitioner filed a petition under Section 72 of the Illinois Civil Practice Act. Later, a petition for relief under the Post-Conviction Hearing Act was filed. The Circuit Court consolidated the two petitions for hearing and entered an order denying the prayer of the two petitions. The Illinois Supreme Court affirmed.

On March 7, 1966, a group of boys 15 or 16 years of age had gone to the apartment of Emmett Tate to visit his step-daughter, Wanda Jean Gray. Tate ar-

rived and ordered the boys to leave. They did so, but one of the boys went back to the apartment to get his coat. When he came out, he told the other boys that Wanda's step-father was beating her. Some of the boys, including the petitioner, went back to the apartment and told Tate to stop beating the girl. A fight ensued, some one fired a shot, and Tate was killed. Wanda at first told the police that a boy named Sutton had fired the shot. At the petitioner's trial, however, she testified that she was on the floor when the boys re-entered the apartment and that Sutton was not one of the boys who returned. She testified further that she saw the petitioner shoot Tate.

At the petitioner's trial, after the defense rested, the court made the following comment:

> All right. I have a reasonable doubt as to whether or not this defendant fired the fatal shot. However, I have no reasonable doubt, backed by *his own words* and the testimony of *his* witnesses, . . . that there was a man, the deceased in this case, who was in his own home, who ordered them to leave, that they did leave, and that he began to chastise his own daughter. According to the defendant, some one said, "He's beating her. Let's stop it." He said "Okay." And then he, after having been told by that man to leave his home, re-entered the home in a concert of action with several others. The record is quite confusing as to who was there, but I know from the evidence the defendant was there, acting in an unlawful manner. So whether he fired the shot or Sutton fired the shot is immaterial. (Emphasis added.)

At the hearing on the post-conviction petitions, Wanda Jean indicated that she had not told the truth at the trial when she testified that the petitioner had fired the shot. At the conclusion of the hearing, the judge (who had also presided at petitioner's trial) commented, "I feel that the search for truth here discloses that he is guilty and that no substantial constitutional right was violated. If there was perjury, she was a perjurious witness, and I didn't base my decision on her testimony."

As grounds for the instant petition, Bracey alleges: (1) that there was a lack of evidence as to the group's shared intent to commit an unlawful act; (2) that the conviction was based on defense evidence; (3) that the Court did not believe the State's principal witness; (4) that conviction based on the defense evidence placed the burden of proof on the defendant; (5) that conviction on the basis of the evidence introduced amounted to an unconstitutional application of the Illinois "accountability" statute. Neither ground four nor five had been previously presented to any court. The respondent has moved to dismiss the petition alleging: (1) since grounds four and five have not as yet been ruled on by the Illinois courts, the petitioner cannot now raise them in federal court and (2) that the basis of the petition is sufficiency of evidence, which is an inappropriate basis for habeas corpus relief.

## I.  *Grounds 4 and 5:  Exhaustion of State Remedies*

■  Petitioner states that he has not heretofore raised the claims presented in 4 and 5 because these claims were overlooked by counsel who aided him in the state courts. It has been well settled that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus. 28 U.S.C. § 2254(b) and (c). In Fay v. Noia, 372 U.S. 391, 435, 83 S.Ct. 822, 847, 9 L. Ed.2d 837 (1962), the Supreme Court clarified the scope of the exhaustion requirement:

> We hold that § 2254 is limited in its application to failure to exhaust state remedies still open to the habeas applicant at the time he files his application in federal court.

■■  Petitioner has failed to raise grounds 4 and 5 on appeal or in the post-

conviction hearing. Therefore, the Illinois Post-Conviction Hearing Act, Ill. Rev.Stat. Chap. 38, Sec. 122–1 (1967), is no longer a meaningful remedy to him. The waiver petition, Section 122–3, provides that any claim of denial of constitutional rights not raised in the original or amended petition is waived. This waiver provision has been upheld literally, People v. Orr, 10 Ill.2d 95, 139 N.E.2d 212 (1956), cert. denied, 358 U.S. 869, 79 S.Ct. 102, 3 L.Ed.2d 101 (1958); People v. Lewis, 2 Ill.2d 328, 118 N.E.2d 259 (1954), except where the defendant sought to raise issues in the initial petition but was not permitted to do so by counsel. People v. Agnello, 35 Ill.2d 611, 221 N.E.2d 658 (1967); People v. Hamby, 32 Ill.2d 291, 205 N.E.2d 456 (1965). No such special circumstances are disclosed in the instant petition. It may be assumed, then, that petitioner will be foreclosed from raising any new grounds for relief in the Illinois state courts. No further state remedy is available. As a result, petitioner may be said to have exhausted the state remedies open to him at the time of filing as *Noia* requires. This Court may now hear these claims notwithstanding that the petitioner has waived[1] them under the Illinois Post-Conviction Hearing Act. Note, "Federal Habeas Corpus" Its Uncertain Effects on Illinois Law," 59 Northwestern Law Review 696, 713 (1964); and see Cotner v. Henry, 394 F.2d 873 (7th Cir. 1968) (a petitioner barred by Indiana statute from appealing his conviction had exhausted state remedies within the language of 28 U.S.C. § 2254).

II. *Essential Claim that of Sufficiency of Evidence*

 We find persuasive, however, the argument of the respondent that since petitioner's theory for habeas cor-

pus essentially rests on the sufficiency and weight of the evidence, it must be dismissed. It has long been the law that the writ of habeas corpus cannot be used to test the sufficiency of evidence. Summerville v. Cook, 438 F.2d 1196 (5th Cir. 1971); Fernandez v. Klinger, 346 F.2d 210 (9th Cir. 1965); United States ex rel. Saunders v. Myers, 276 F.2d 790 (3rd Cir. 1960). We find the petitioner's response that he alleges the *absence* rather than sufficiency of evidence to be a distinction without a difference.

In any case, petitioner would substitute our opinion for that of the trial judge as to questions of credibility of witnesses, weight of evidence, and reasonable doubt as to guilt. This District Court, in habeas cases, cannot make these determinations. See cases cited *Id.*

Accordingly, the motion of respondent to dismiss is granted.

---

1. Petitioner alleges that he did not raise grounds 4 and 5 in the state because of the failure of his counsel to be aware of them. This failure does not amount to a waiver within *federal standards*. See Fay v. Noia, *supra*. In United States ex rel. Henderson v. Brierley, 300 F.Supp. 638 (E.D.Pa.1969), where failure to raise grounds on appeal was the result of ignorance of counsel and not deliberate strategy, the Court held the petitioner had not deliberately by-passed or waived these grounds for purposes of federal habeas corpus.