THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LESLIE WHITTAKER *et al.*, Defendants-Appellants.

(Nos. 72-167-168 cons.;

Third District—April 10, 1973.

Leslie Whittaker and Joseph Phipps, *pro se.*

C. Brett Bode, State's Attorney, of Pekin, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Tazewell County which denied a petition for post-conviction relief which was filed by Leslie Whittaker and Joseph Phipps, hereinafter referred to as the defendants.

The defendants in 1967 were charged under separate indictments with burglary and theft of property having a value in excess of $150.00. The cases were consolidated and tried by jury. Both defendants were found guilty.

During their trial both defendants were represented by private counsel. After being found guilty by jury but prior to a hearing on post-trial motions the defendants remained free from custody by posting bond. On the date set for hearing on their post-trial motions the defendants failed to appear in court. A warrant was issued for their arrest and they were subsequently apprehended in the State of Mississippi. The defendants executed a waiver of extradition and were returned to Illinois. The trial court denied their post-trial motions, entered a judgment of conviction as to each of them on the guilty verdict for the crime of burglary. Prior to sentencing a hearing in aggravation and mitigation was had and during such hearing it was revealed that each defendant had prior convictions. The defendant Phipps had previously been convicted of burglary and on another occasion he had been convicted of the crime of felonious larceny. The defendant Whittaker also had been previously convicted of felonious larceny. After the hearing in aggravation and mitigation both defendants were sentenced to identical terms in the penitentiary of from 15 to 30 years for burglary, but no sentence was imposed on the theft charge.

Both defendants appealed their convictions to the Supreme Court of the State of Illinois and on their appeal they were again represented by private counsel. The Supreme Court affirmed their conviction in *People v. Whittaker*, 45 Ill.2d 491, 259 N.E.2d 787.

Both defendants next filed in the Tazewell County circuit court Post-Conviction Hearing Petitions, supplementary petitions and amendments to the post-conviction petitions. In substance the post-conviction relief sought by the defendants was grounded on their allegations that their conviction was obtained as the result of an illegal search and seizure, that their sentences were excessive, and that a juror on *voir dire* examination falsely answered a question. The State filed responsive pleadings and the trial court granted the State's motion to dismiss the Post-Conviction Petitions of the defendants as to all issues raised by the defendants with the exception of the issue raised in regard to the juror falsely

answering a question on *voir dire* examination. In dismissing the petitions as to the other issues the trial court held that the judgment of a reviewing court is *res judicata* as to all issues actually raised before that court as well as to those which could have been raised but were not.

An evidentiary hearing with the defendants present was held by the Tazewell County circuit court on the juror issue and the court found that the juror did not testify falsely in response to questions tendered to him on *voir dire* examination. The defendants do not raise the juror issue in this appeal.

We first direct our attention to the question as to whether the defendants were barred from raising the issue of illegal search and seizure in a post-conviction proceedings when the issue could have been raised in a previous appeal taken by them.

In arriving at a determination of this issue we will set forth a recital of what we deem to be the pertinent facts and the procedure followed by the defendants in regard to the question of an illegal search and seizure.

It was adduced at the trial of the defendants that at about 3:15 A.M. on November 20, 1966, Officer William Martin of the East Peoria Police Department, while patrolling, observed a 1956 Chevrolet station wagon travelling at an excessive rate of speed. He curbed the automobile and at about that time two additional officers arrived at the scene. Approaching the vehicle, the officers observed, in plain view, cartons bearing the legend "Atlas Juicer, Juicemaster Manufacturing Company", a crowbar, several flashlights, gloves, a sledgehammer, acetylene cutting torches, axes, a cardboard box partially filled with various packages of cigarettes and candy bars, and the barrel of a rifle protruding from the front seat. In addition, the police found in the vehicle an I.B.M. electric typewriter, a transistor radio, a Friden calculator, three pistols, numerous rounds of ammunition and a grey steel cash box containing $48 in cash and a roll of coins bearing a wrapper from "Creve Coeur Manufacturing Company."

A hearing was held on a motion of the defendants to suppress evidence purportedly illegally seized and their motion was denied and the evidence ruled admissible.

In their appeal to the Illinois Supreme Court the defendants were represented by private counsel and the issue of an illegal search and seizure was not raised.

Our reviewing courts' position on this issue presented to us is well stated in the case of *People v. Kane*, 5 Ill.App.3d 60, 282 N.E.2d 496, wherein it was stated:

"Generally, the judgment of a reviewing court is *res judicata* as to all issues actually raised before that court, as well as to those which could have been raised but were not. Issues of the latter nature will be deemed to have been waived unless fundamental fairness requires that they be considered in a later proceeding. *People v. Derengowski*, 44 Ill.2d 476, 256 N.E.2d 455 * * *."

■■ As we have stated, the issue of an illegal search and seizure was not raised in the defendants' appeal to the Supreme Court, however, we fail to find in the record of this cause any element of unfairness which would require its consideration in a post-conviction proceedings. The defendants had this question litigated in the trial court by their motion to suppress evidence. At this time they were each represented by separate counsel of their choice. On appeal to the Supreme Court they were again represented by private counsel of their own choice. In that appeal were raised ·issues concerning the indictment returned against them and the trial court's ruling on certain instructions. There is no showing as there was in *People v. Hamby*, 32 Ill.2d 291, 205 N.E.2d 456, that their counsel refused to raise any issue after being requested to do so. Fundamental fairness does not require that a defendant have two appeals. (*People v. Burrington*, 6 Ill.App.3d 565, 286 N.E.2d 32.) The record in the instant case is devoid of any indication that the defendants have been the victim of any acts or circumstances of unfairness which would permit them to raise the issue of an illegal search and seizure in a post-conviction proceedings when the same issue could have been raised in their direct appeal to our Supreme Court.

■■ The defendants also raised in their post-conviction petition the issue that the sentences imposed upon them were excessive. This question is one which could well have been raised in their appeal to the Supreme Court but they chose not to do so, and for the reasons we have previously set forth, to-wit, the absence of any circumstances of unfairness, we are of the opinion that they are precluded from raising it in a post-conviction hearing. The defendant argues that because he refused to enter a plea of guilty to the charge of burglary a harsher sentence was imposed upon him. In support of this contention he includes in the record a letter from a former public defender of Tazewell County wherein it is stated that had he pled guilty he would have received a sentence of 2 to 4 years rather than the sentence of 15 to 30 years in the penitentiary. If there is any merit in this contention of the defendant Whittaker it could well have been raised in his appeal to the Supreme Court. The imparting this information to the defendant was dated April 30, 1969. The defendant's appeal was not decided until June 29, 1970, or some fourteen months later. We find this contention of the defendant Whittaker too tenuous to merit further consideration.

For the reasons set forth the order of the circuit court of Tazewell County denying the petition of the defendants for post-conviction relief is affirmed.

Affirmed.

STOUDER, P. J., and DIXON, J., concur.