**Jerry Lee FLETCHER, Petitioner,**

v.

**Michael P. LANE, Warden, Menard Correctional Center, Respondent.**

**No. 77–1131.**

United States District Court, S. D. Illinois, N. D.

March 20, 1978.

Jerry Lee Fletcher, pro se.

John P. Prusik, Asst. Atty. Gen. of Illinois, Chicago, Ill., for respondent.

## DECISION AND ORDER

### ROBERT D. MORGAN, Chief Judge.

Petitioner seeks the issuance of a writ of habeas corpus under the provisions of 28 U.S.C. § 2254. He presently is a prisoner in state custody at the Menard Correctional Center, Menard, Illinois. This action was commenced in the United States District Court for the Eastern District of Illinois. Petitioner was granted leave to proceed *in forma pauperis* by Judge James L. Foreman, who transferred the case to this court pursuant to 28 U.S.C. § 2241(d) and *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Four grounds are asserted by petitioner, which he claims entitle him to a writ. Each of these claims will be discussed seriatim. However, none of the asserted grounds affords a basis for relief by way of habeas corpus. Accordingly, respondent's motion to dismiss for failure to state a claim upon which relief can be granted must be allowed.

Petitioner was convicted in a jury trial in the Circuit Court of Peoria County of a brutal strangulation-murder of a thirteen-year-old girl and of taking indecent liberties with the child. Consecutive sentences of imprisonment of 50 to 150 years for murder and 40 to 120 years for indecent liberties were imposed. Petitioner appealed his convictions to the Appellate Court of Illinois, Third Judicial District, which convictions were affirmed. *People v. Fletcher*, 40 Ill.App.3d 537, 352 N.E.2d 10 (1976). In his application for a writ of habeas corpus, petitioner indicated that he filed a petition for post-conviction relief in the Circuit Court of Peoria County. His application also indicates that the grounds asserted in his petition for post-conviction relief are dissimilar to the ones asserted in this proceeding.

The first ground which petitioner claims entitles him to a writ of habeas corpus is that the trial judge refused to admit evidence of a polygraph examination taken by petitioner, the results of which were exculpatory in nature. Petitioner took a polygraph test in May, 1973, at the request of the police. According to petitioner, the polygraph examiner was of the opinion that he told the truth when he denied any knowledge of the crimes. Since no stipulation had been entered into between the parties to permit admission of such evidence, the state moved *in limine* to bar all testimony concerning the polygraph examination.

The exclusion of this testimony from evidence was raised by petitioner on appeal. In ruling against petitioner on this question, the Appellate Court stated:

"In Illinois, it is well established that results of polygraphic examination are inadmissible absent a stipulation by both parties. *People v. Zazetta* (1963), 27 Ill.2d 302, 189 N.E.2d 260. In *People v. Nicholls, supra* [42 Ill.2d 91, 245 N.E.2d 771], which involved a similar situation, our Supreme Court stated:

'We have consistently held that the results of a polygraphic examination cannot properly be introduced as evidence

either of guilt or innocence of an accused.'" *Accord, People v. Mason* (5th Dist. 1975), 29 Ill.App.3d 121, 329 N.E.2d 794; 352 N.E.2d 10 at 13–14.

This same argument was advanced by the petitioner in *United States ex rel. Sadowy v. Fay,* 284 F.2d 426 (2d Cir. 1960), *cert. denied,* 365 U.S. 850, 81 S.Ct. 814, 5 L.Ed.2d 814 (1961). The Court of Appeals held in that case that the petitioner was not deprived of due process by the trial court's evidentiary ruling and therefore was not entitled to a writ of habeas corpus, since exclusion of such evidence is overwhelmingly followed by other jurisdictions. In the federal court system, the admission of polygraph evidence is within the discretion of the trial judge. *United States v. Infelice,* 506 F.2d 1358 (7th Cir. 1974), *cert. denied,* 419 U.S. 1107, 95 S.Ct. 778, 42 L.Ed.2d 802, *reh. denied,* 420 U.S. 956, 95 S.Ct. 1342, 43 L.Ed.2d 433 (1975).

In light of the federal and state law governing the admission of polygraph evidence, the court concludes that Fletcher's constitutional rights were not infringed by the state trial judge's evidentiary ruling excluding polygraph evidence. *United States ex rel. Sadowy v. Fay,* 284 F.2d 426 (2d Cir. 1960), *cert. denied,* 365 U.S. 850, 81 S.Ct. 814, 5 L.Ed.2d 814 (1961).

Petitioner's second contention is that expert testimony, that a screwdriver found in petitioner's trailer made the prymarks on the trailer door at the murder scene, was "impossible." A screwdriver was found by police underneath petitioner's clothing in a chest of drawers, in a search of petitioner's trailer. A toolmark identification expert testified that in his opinion the screwdriver positively made the prymarks on the door of the trailer in which the murder was committed. In addition to his claim that the expert testimony is "impossible," petitioner requests that the screwdriver be re-examined and additional expert opinions given.

Petitioner's second contention is essentially an attack on the credibility of the expert testimony. The credibility of a witness is a matter for jury determination, and, as such, is not reviewable in a habeas corpus action. *United States ex rel. Bracey v. Petrelli,* 356 F.Supp. 699 (N.D.Ill.1973). Federal habeas corpus is not merely an additional appeal available to state prisoners, and attacks on evidence and on the credibility of witnesses can only be challenged on appeal. *Concepcion Diaz v. Morales Bergeat,* 409 F.Supp. 749 (D.P.R.1975). Therefore, petitioner's challenge to the credibility of this testimony does not state a sufficient ground for issuance of a writ of habeas corpus. *United States ex rel. Bracey v. Petrelli,* 356 F.Supp. 699 (N.D.Ill. 1973).

The third ground advanced by petitioner as a basis for relief is that incriminating evidence was admitted at trial which was the fruit of an illegal search and seizure. Specifically, he claims that the screwdriver which was found among his possessions and was admitted into evidence was discovered and seized in an illegal search of his trailer by police. The search was illegal, he contends, because the search was conducted pursuant to the "consent" of petitioner's roommate, who lacked the authority to validly consent to the search.

It appears that this issue is being raised for the first time in this collateral attack on petitioner's state court conviction. Apparently no motion to suppress this evidence was made prior to trial, nor was any objection made to the introduction of this piece of evidence. Moreover, this issue was not raised on appeal. Failure to make any attempt to bar the introduction of this evidence, either by way of objection or a motion to suppress, constitutes a waiver of the Fourth Amendment issue. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Maxey v. Morris,* 440 F.Supp. 56 (E.D.Ill.1977). This rule enables the record to be made with respect to a constitutional claim when witnesses' recollections are freshest; enables the trial judge, who observed the demeanors of witnesses, to make the factual determinations necessary for properly deciding the federal question; and may, by forcing a trial court decision on the merits of federal constitutional contentions,

contribute to the finality of criminal litigation. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

 Petitioner's fourth contention is that he was prevented from having a fair trial in Peoria County, by reason of prejudicial pretrial publicity. He also states that a change of venue should have been granted by the trial judge. Nevertheless, no motion for a change of venue was made prior to trial, nor was this issue raised on appeal. Illinois law provides that "[a]ll objections of improper place of trial are waived by a defendant unless made before trial." Ill.Rev. Stat., ch. 38, § 1–6 (1975).

This statute is similar to the Florida contemporaneous objection rule upheld in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), requiring that motions to suppress be made prior to trial. There, the Supreme Court held that Sykes waived his right to challenge the admissibility of a confession allegedly elicited in violation of his *Miranda* rights, by his failure to make a timely objection prior to trial, as required by the contemporaneous objection rule. The same reasoning applies with equal force to petitioner's failure to move for a change of venue prior to trial. Therefore, petitioner waived his objection to the place of trial by failing to move for a change of venue prior to trial. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Petitioner's contention, however, is somewhat more complex than merely citing as error the trial court's failure to transfer the case to another county. Rather, he argues that he was denied a fair trial because of statements in the local press which inflamed the public against him. This is precisely the same argument that was raised in *Schlette v. People of State of California,* 284 F.2d 827 (9th Cir. 1960), *cert. denied,* 366 U.S. 940, 81 S.Ct. 1664, 6 L.Ed.2d 852 (1961). The Court of Appeals there held that by failing to take any action with respect to the news articles at the time of trial, petitioner waived any possible claim of prejudice to his rights. This principle is equally applicable to the instant case.

Fair safeguards to protect a criminal defendant from prejudicial pre-trial publicity are:

" . . . ordinarily a motion to postpone the trial, a motion for change of venue, and a careful voir dire scrutiny of each juror as he is called. Ordinarily it is only after it is satisfied that one of those safeguards has been denied that a federal court should consider whether a petitioner is entitled to be relieved of a state judgment on the ground of prejudice caused by publicity." *Geagan v. Gavin,* 181 F.Supp. 466 (D.Mass.1960), *affirmed,* 1 Cir., 292 F.2d 244 (1961), *cert. denied,* 370 U.S. 903, 82 S.Ct. 1247, 8 L.Ed.2d 399 (1962).

Petitioner's failure to invoke any of the traditional safeguards used to protect against prejudicial pre-trial publicity, namely, a motion for a change of venue or a motion for continuance, constitutes a waiver of his claim that he was denied a fair trial by reason of prejudicial pre-trial publicity. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Schlette v. People of State of California,* 284 F.2d 827 (9th Cir. 1960), *cert. denied,* 366 U.S. 940, 81 S.Ct. 1664, 6 L.Ed.2d 852 (1961).

The last three grounds for relief were not raised by petitioner on appeal; only the first ground was so argued. It also appears that none of the four grounds have been urged by petitioner in his petition for postconviction relief in the state courts. Normally, a prisoner challenging state custody must exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus. 28 U.S.C. § 2254(b) and (c). Respondent asserts that the petition here should be dismissed for failure to exhaust state remedies. With respect to the last three grounds asserted by petitioner, it does appear that the doctrine of exhaustion of state remedies may apply so as to bar the relief sought. However, this issue has not been adequately briefed, and the court prefers not to base its decision on this procedural doctrine.

In summary, the court has determined that petitioner is not entitled to a writ of

habeas corpus under any of the four grounds asserted. The court holds that: (1) petitioner was not denied due process by the trial judge's evidentiary ruling refusing to admit evidence of a polygraph test taken by petitioner; (2) petitioner's attack on the credibility of a witness is not reviewable in an action for habeas corpus, and therefore does not state a sufficient ground for the issuance of a writ of habeas corpus; (3) petitioner has waived his Fourth Amendment argument by failing to move to suppress this evidence or object to its introduction at trial; and (4) petitioner waived the claim that he was denied a fair trial due to prejudicial pre-trial publicity by failing to take any action to alleviate this alleged problem prior to trial.

Accordingly, IT IS ORDERED that respondent's motion to dismiss is hereby ALLOWED pursuant to F.R.Civ.P. 12(b)(6) and F.R.Civ.P. 56, and that judgment shall enter for respondent.