Chester SPEARMEN, Petitioner,

v.

Jim GREER, Warden, Respondent.

Civ. No. 83–3321.

United States District Court,
S.D. Illinois,
East St. Louis Division.

Sept. 14, 1984.

Chester Spearmen, pro se.

Michael Accettura and Jim Cinotto, Asst. Attys. Gen., Springfield, Ill., for respondent.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is a Report and Recommendation of United States Magistrate Gerald B. Cohn that petitioner's Request for a Writ of Habeas Corpus be denied. Petitioner has not filed an objection to this recommendation.

Petitioner, an inmate at Menard Correctional Center, alleges that the state knowingly used false evidence at trial, thereby prejudicing his case. Petitioner states that he did not raise the issue on direct appeal because he did not discover the false testimony until after trial. However, petitioner has indicated at his hearing that he has not pursued his post-conviction remedies in state court. Thus, the Magistrate dismissed the petition for failure to exhaust state remedies as mandated by 28 U.S.C. § 2254(b & c), *citing Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Initially, it should be noted that *Rose* is not pertinent to this situation since that case dealt with a petition presenting both unexhausted and exhausted claims. The Supreme Court held that the petition should be dismissed in such a situation adopting the total exhaustion rule. Here the petitioner presented only one claim. This claim should be dismissed for failure to exhaust the petitioner's state remedies only if it is certain that the Illinois courts will entertain his claim. *Percy v. Fairman*, 702 F.2d 119 (7th Cir.1983).

The only post-conviction relief available to the petitioner is the Illinois Post-Convic-

tion Hearing Act, *Ill.Ann.Stat.*, ch. 38, § 122–1 et seq. (Smith-Hurd Supp.1984–85). The Illinois courts, in interpreting this statute, have rendered efforts to obtain post-conviction relief futile in many instances. In *People v. James*, 46 Ill.2d 71, 263 N.E.2d 5 (1970), the Illinois Supreme Court stated:

> We have heretofore consistently held that where a convicted person has appealed from the judgment of conviction, the judgment of the reviewing court makes res judicata all issues actually decided by that court and all issues which could have been presented to the court and which were not are considered to have been waived.

46 Ill.2d at 74, 263 N.E.2d at 7. Accordingly, the Seventh Circuit has held that a Writ of Habeas Corpus should be dismissed for failure to exhaust this remedy "only if there is direct precedent indicating that under the particular circumstances of a prisoner's case the waiver [and res judicata] doctrine[s] will be relaxed." *Perry*, 702 F.2d at 121.

█ In the present case, the petitioner did not appeal the claim he presents in his habeas petition. Therefore, res judicata will not bar a petition for a post-conviction hearing under the Illinois act. However, the petitioner might have waived his claim by not appealing it to the Illinois Appellate Court on direct review. Under the authority of *Perry*, this Court may not dismiss the petitioner's claim for failure to exhaust his state remedies unless there exists "direct precedent indicating that under the circumstances ... the waiver [doctrine] will be relaxed." *Id.*

In *People v. Agnello*, 35 Ill.2d 611, 221 N.E.2d 658 (1967), the petitioner filed a petition under the Illinois Post-Conviction Hearing Act stating in one of his allegations that the state knowingly used perjured testimony against him at trial. The petitioner alleged in his brief on direct appeal the state knowingly used perjured testimony but no mention was made of the additional supporting facts raised in his post-conviction petition. The court refused to apply the waiver doctrine stating that

"with respect to the charge of knowing use of perjured testimony defendant set forth facts in his petition which justified the holding of a post-conviction hearing." 221 N.E.2d at 660.

█ In the present case, the petitioner states in his Answer to Respondent's Motion to Dismiss Complaint at p. 2 that the facts supporting his claim of knowing use of false testimony were not contained in the record or report of the trial proceedings and, therefore, could not have been appealed directly to the Appellate Court. Further, he alleges that he did not fully raise the claim in the trial court because of ineffective counsel. Under the authority of *Agnello*, it appears that the petitioner did not waive his claim for Illinois post-conviction relief. Therefore, this Court dismisses the petitioner's claim for failure to exhaust his state remedies.

It is interesting to note that had the Illinois courts viewed the petitioner's claim as waived for purposes of their post-conviction statute, this Court would not have dismissed the petition for failure to exhaust state remedies. Ironically, however, this Court would then have to determine whether or not he waived his right to petition to this Court by not directly appealing his claim to the Illinois Appellate Court. The Seventh Circuit has recognized this possibility.

> Under state law the failure to present this claim on direct appeal prevents petitioner from raising it in any state post-conviction proceedings, thus the requirement that petitioner exhaust all available state remedies is met as none are now available. The failure to raise the issue on appeal, however, also raises the possibility that the claim may not be brought before a federal court in a habeas petition.

*United States Ex Rel. Spurlark v. Wolff*, 699 F.2d 354, 356 (7th Cir.1983) In such situations, the petitioner appears to be in a "no win" situation. He must argue the Illinois courts would determine that his failure to directly appeal his claim was a waiver so that the federal court finds him

to have exhausted his state remedies. He then must argue that the federal court should not view his failure to directly appeal his claim as a waiver. Although Illinois courts employ a "fundamental fairness" test to determine if a petitioner waived his claim by not directly appealing, and the federal courts employ a "cause and prejudice" test to ascertain whether or not the petitioner's failure to directly appeal his claim to the state appellate court constitutes a waiver, this Court would be hard pressed to find a situation where the claim would be viewed as waived in Illinois and not waived in federal court. The result being that, if a petitioner's claim is waived for state purposes, it is deemed waived for federal purposes; and if the claim is not deemed waived by the state, then under the exhaustion doctrine commity dictates that the state be allowed to first decide the issue under its post-conviction mechanisms. This case falls in the latter category.

Accordingly, insofar as the result is the same, this Court ADOPTS Magistrate Cohn's recommendation that this petition be dismissed for failure to exhaust state remedies.

IT IS SO ORDERED.